UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company, et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>DOES 1-16,<br><br>    Defendants. | Civil Action No.  08-0446 (JDB) |

### ORDER

Plaintiffs bring this copyright infringement action under 17 U.S.C. § 101 et seq., against defendants Does 1-16.  Currently before the Court is a motion by plaintiffs to take immediate discovery pursuant to Fed. R. Civ. P. 45 against third-party Verizon Internet Services, Inc. ("Verizon"), an internet service provider that plaintiffs believe can provide them with defendants' identities.

Plaintiffs allege in their Complaint that defendants, without permission or consent, used an online media distribution system to download, distribute to the public, and make available for distribution to others certain copyrighted sound recordings owned by plaintiffs.  In doing so, plaintiffs allege that defendants infringed plaintiffs' exclusive rights under copyright, and plaintiffs therefore are seeking statutory damages pursuant to 17 U.S.C. § 504(c) against each defendant for each infringement of each copyrighted recording.  Plaintiffs also seek to enjoin defendants from continued infringement.  However, plaintiffs have only learned defendants'

Internet Protocol addresses, and not their identities. Therefore, in order to pursue this litigation, plaintiffs have moved under Rule 45 to take immediate discovery from Verizon to learn defendants' identities.

Although Fed. R. Civ. P. 26(d) generally forbids Rule 45 discovery prior to a Rule 26(f) conference, other courts have routinely permitted this type of discovery with "John Doe" defendants. See, e.g., Valentin v. Dinkins, 121 F.3d F.3d 72, 75-76 (2nd Cir. 1997). Furthermore, plaintiffs have made a showing of good cause as required under Rule 26(d) to permit immediate discovery. In particular, plaintiffs have alleged a claim of past and on-going infringement, there is a risk that Verizon will not preserve the information that plaintiffs seek, the discovery sought is narrowly tailored to obtain only defendants' identities, and finally, this litigation cannot proceed without plaintiffs discovering defendants' identities through this third-party discovery.

Accordingly, plaintiffs will be permitted to seek immediate discovery from Verizon pursuant to a Rule 45 subpoena for information sufficient to identify defendants. Therefore, it is this 28th day of March, 2008, hereby

**ORDERED** that plaintiffs' Motion for Leave to Take Immediate Discovery is **GRANTED**; it is further

**ORDERED** that plaintiffs may serve immediate discovery on Verizon Internet Services, Inc. to obtain the identities of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including name, address, telephone numbers, e-mail addresses, and Media Access Control addresses for each defendant; it is further

**ORDERED** that the disclosure of this information is ordered pursuant to 47 U.S.C. §

551(c)(2)(B); it is further

    **ORDERED** that any information disclosed to plaintiffs in response to the Rule 45 subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act; it is further

    **ORDERED** that if and when Verizon is served with a subpoena, Verizon shall give written notice, which may include e-mail notice, to each Doe defendant within five business days; if Verizon or any Doe defendant wishes to move to quash the subpoena, they must do so before the return date of the subpoena, which shall be 25 days from the date of service; it is further

    **ORDERED** that Verizon shall preserve any subpoenaed information pending the resolution of any motion to quash; and it is further

    **ORDERED** that plaintiffs shall provide Verizon with a copy of this Order together with their subpoena.

                                                                         /s/ John D. Bates  
                                                                          JOHN D. BATES  
                                                           United States District Judge