UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS LLC., et al, )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>DOES 1-16, )<br>      Defendants. )<br>) | Civil Action No. 1:08-cv-0446-JDB |

## DOE #4'S MOTION TO QUASH OR MODIFY SUBPOENA

Comes now Doe #4, by and through counsel, and hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 45 to quash the subpoena submitted by Arista Records, et al., to Verizon Internet Services, Inc. This subpoena was served as part of a nationwide litigation strategy by various well heeled and well financed recording studios to stop the downloading of popular music and videos over the internet except through sites controlled by or in contractual relationship with the recording studios. It is anticipated that the ultimate target of the recording studios will be teenagers who still believe the internet to be an unfettered medium and who routinely download movies and songs generated by the mass media. In an effort to deter this youthful zeal, the record companies have filed lawsuits nationwide.

The subpoenas in this case are part of a two-step process. First, the record companies seek the identity of persons holding certain internet provider (IP) addresses. Obviously, the record companies will then request information from those addresses and will access information contained on the servers of the persons and addresses identified. The subpoena filed by the recording studios in this case seeks the name, address, telephone number, email address and media access control address of the person holding the IP address identified.

With respect to Doe #4, the disclosure of such information and access to Doe #4's computer is highly problematic. Doe #4 is a licensed practicing physician in the State of Virginia, and Doe #4 keeps confidential medical and client information on its personal computer.

Doe #4 is concerned that both identifying it by name and obtaining access to its computer will both interfere with Doe #4's trade and profession and disclose information pertaining to the names and activities taken with respect to its patients.

Doe #4 has not been provided with any information more than the cover sheet of the subpoena and the identification of an Internet Protocol (IP) address. Doe #4 has received no notification of any alleged infringement, nor has Doe #4 been provided with a copy of any sworn affidavit as is required by 17 USC §512(h), which sets forth the limitations of the use of and the purpose of collecting the sought after material. *See*, Recording Industry Association of America, Inc., v. Verizon Internet Services, Inc., 351 F3d 1229 (CA DC 2003). Such material may or may not have been provided to the ISP provider, Verizon; but DOE #4 remains concerned about the method and manner by which any information obtained from its computer files will be used.

In addition to the above, the disclosure of Doe #4's identity is a violation of a First Amendment right to free speech. Recognizing that at least one court has held that while First Amendment rights apply to downloads of music and movies over the internet, those rights are outweighed by the need to protect against infringement; *See*, Electra Entertainment Group, Inc., v. Does 1-9, 2004 WL 2095581 (S.D. N.Y. 2004); Doe #4 notes this Circuit has yet to address the challenge. *See*, Recording Industry Association of America v. Verizon Internet Services, Inc., 351 F3d 1229, 1231 (D.C. Cir. 2003) (Court did not reach the issue of whether the disclosure of the identity of a person holding an IP address violates the First Amendment because it lacks sufficient safeguards to protect an internet user's ability to speak and associate anonymously.)

2

While there may be justification for allowing plaintiffs in cases such as this to identify alleged infringers, it appears that some procedural safeguards must be considered or developed. At a minimum, we suspect a plaintiff must develop or agree to a protective order which identifies a process by which only potentially infringing speech is reached and establishes a basis in advance for concluding that the person holding the particular internet address was, in fact, responsible for the downloads in question. Further, the use and dissemination of information obtained by the plaintiffs should be disclosed and defined to the ultimate target of the subpoena, not just to the internet service provided. In short, the subpoena should include an agreement and mechanism to narrowly tailor the nature of the information sought and the use of that information so as to not invade protected speech.

The instant subpoena appears to make no effort to identify what the Plaintiffs will do with the information they obtain, how they will use it, or how they will insure that the information they obtain is linked only to the issue of infringement. Since the subpoena is overbroad, procedurally defective and would chill protected speech, Doe #4 respectfully requests it be quashed.

Respectfully submitted,

Doe #4
*Defendant by Counsel*

**GRAD, LOGAN & KLEWANS, P.C.**

/s/ Kevin Byrnes
Kevin Byrnes, VSB #47623
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
703-548-8400 Phone
703-836-6289 Fax
*Counsel for Doe #4*

## *CERTIFICATE OF SERVICE*

      I hereby certify that on this 23rd day of May, 2008, a true copy of the foregoing Doe #4's Motion to Quash or Modify Subpoena was delivered by filing and entering the same upon the electronic court filing website of the United States District Court of the District of Columbia, to the attention of Defendant's counsel; and by U.S. Mail and facsimile to Verizon Internet Services, Inc., as follows:

Matthew J. Oppenheim, Esq.
OPPENHEIM GROUP
7304 River Falls Drive
Potomac, MD 20854
Phone: (301) 299-4986
Email: matt@oppenheimgroup
*Attorney for Plaintiffs*

Custodian of Records (Civil)
Verizon Internet Services, Inc.
1880 Campus Commons Drive
Reston, VA 20191
Facsimile: 800-997-9981

                                                /s/ Kevin Byrnes

                                                Counsel

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ARISTA RECORDS LLC., et al, )
       Plaintiffs, )
        )
v. ) Civil Action No. 1:08-cv-0446-JDB
        )
DOES 1-16, )
       Defendants. )
        )

## ORDER

This matter having come before the Court on this _____ day of May, 2008, and based upon the submissions and arguments of counsel and for good cause shown it is hereby:

ORDERED that Defendant Doe #4's Motion to Quash or Modify Subpoena is granted on the grounds set forth in Defendant Doe #4's submission.

_____
John D. Bates
United States District Judge