**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARISTA RECORDS LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DOES 1 - 16,<br><br>　　　　Defendants. | No. 1:08-cv-0446-JDB<br><br>OPPOSITION TO MOTION TO FILE PLEADINGS UNDER ASSUMED NAME OF DOE #4 AND TO PROTECT IDENTITY OF REAL PARTY IN INTEREST |

**OPPOSITION TO MOTION TO FILE PLEADINGS UNDER ASSUMED NAME OF
DOE #4 AND TO PROTECT IDENTITY OF REAL PARTY IN INTEREST**

Plaintiffs submit the following Opposition to Doe Defendant #4's ("Defendant") Motion To File Pleadings Under Assumed Name of Doe # 4 and to Protect Identity of Real Party In Interest. ("Defendant's Motion").[1]  For the reasons set forth below, Defendant's Motion should be denied.

**INTRODUCTION AND SUMMARY OF ARGUMENTS**

As Plaintiffs discussed in their Ex Parte Application for Expedited Discovery ("Discovery Motion"), every month, copyright infringers like Defendant unlawfully distribute billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over P2P networks. *See* Lev Grossman, It's All Free, Time, May 5, 2003.  As a direct result, Plaintiffs have and continue to sustain substantial financial losses.

P2P users who distribute (upload) and copy (download) copyrighted material violate the copyright laws.  *See, e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913,

---

[1] Plaintiffs apologize for the tardiness of this Opposition.  At the time that the original Motion was filed. undersigned counsel was dealing with some personal medical issues and failed to properly docket the Motion when it was filed.

1

918 923 (2005) (noting that users of P2P networks share copyrighted music and video files on an enormous scale, and, as such, even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003). Despite the clear violation of copyright laws, copyright infringement over P2P networks is widespread because users can conceal their identities. Thus, copyright owners can often observe infringement occurring on P2P networks but cannot (without assistance from the courts) identify the true names and locations of the infringers.

Defendant is an active participant on the Gnutella P2P network distributing copyrighted sound recordings stored on his computer to, and downloading copyrighted sound recordings from, the millions of other users of the Gnutella P2P network. Plaintiffs discovered Defendant openly distributing sound recordings whose copyrights are owned by Plaintiffs by logging onto the P2P network and viewing the files that Defendant was distributing to other users. In conjunction with the Complaint filed in this case, Plaintiffs listed a sample of the sound recordings that Defendant was distributing without authorization. (See Exhibit A to the Complaint.) Defendant is a significant infringer who was caught distributing as many as 624 audio files from his or her computer whose copyrights are by and large owned by various of Plaintiffs. *(See id.).*

As previously discussed in the Linares Declaration, upon finding Defendant distributing large numbers of copyrighted works, Plaintiffs gathered substantial evidence of Defendant's illegal conduct. Plaintiffs could not ascertain Defendant's name, address, or any other contact information, but they could identify the Internet Protocol ("IP") address from which Defendant was unlawfully distributing Plaintiffs' copyrighted works. *See* Linares Decl. 18. Using the IP addresses, Plaintiffs determined that Defendant was using the internet service of Verizon to

distribute copyrighted works unlawfully. *Id*. Verizon maintains logs that match IP addresses with their users' computer hardware. *Id*. 12. Thus, Verizon can match the IP addresses, dates, and times with the computers that were using the IP addresses when Plaintiffs observed the infringement by looking at its IP address logs. Verizon can then match the computers with individuals who were responsible for them on the Verizon network. As such, Verizon—and only Verizon—can identify the Defendant in this case.

Defendant seeks to Quash the Order Granting Plaintiffs' Motion for Expedited Discovery ("Discovery Order"). Defendant, however, fails to articulate a valid basis for Quashing the Discovery Order under Rule 45(c)(3). Defendant does not deny that infringement occurred on a computer in his household. He only suggests that it is "likely" that his daughter was the infringer. Defendant's factual arguments are premature. Defendant will have ample opportunity through discovery to assert his defenses.

Defendant's Motion also asserts that his privacy is protected by the First Amendment. Defendant is wrong because the First Amendment does not protect copyright infringement.

**ARGUMENTS**

**I.   DEFENDANT FAILS TO PROVIDE A PROPER BASIS ON WHICH TO QUASH PLAINTIFFS' RULE 45 SUBPOENA**

Rule 45(c)(3) enumerates four grounds on which a subpoena may be quashed. Specifically, a subpoena may be quashed if it: (1) fails to allow reasonable time for compliance; (2) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). Defendant fails to identify any basis under Rule 45(c)(3) on which he is moving to quash the subpoena. Instead, Defendant argues that he should be given the opportunity to present evidence that it was a member of the

3

household and not Defendant who engaged in the infringing activity. Defendant will have ample opportunity to contest his identification and contest Plaintiffs' theory of their case, but that time is not now. For this reason alone, the Defendant's Motion should be denied.

## II.     THE FIRST AMENDMENT DOES NOT PROTECT COPYRIGHT INFRINGEMENT.

Defendant claims that it is likely that one of his children downloaded copyrighted sound recordings. Defendant, however, does not claim to be innocent. Instead, Defendant argues that disclosing his identity would damage his reputation. The First Amendment, however, does not shield copyright infringement. *See*, *e.g.*, *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 555-56 (1985).

In *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), the Court rejected the arguments of doe defendants who argued that they should remain anonymous because their P2P file-sharing activities were protected by the First Amendment. In its analysis, the Court noted that:

> In contrast to many cases involving First Amendment rights on the Internet, a person who engages in P2P file sharing is not engaging in true expression. . . . Such an individual is not seeking to communicate a thought or convey an idea. Instead, the individual's real purpose is to obtain music for free.

*Id.* at 564.

Even if Defendant has any First Amendment protection, it was overcome by Plaintiffs' prima facie showing of injury, thereby justifying the disclosure of the identities of copyright infringers who used P2P networks.[2] *Arista Records LLC. v. Does 1 30*, Civil Action

---

[2] As this Court has already found, Plaintiffs have met the good cause standard for expedited discovery. Indeed, Plaintiffs' showing of good cause is supported by substantial evidence of Defendant's infringement, including the date and time of Defendant's infringement, the IP address assigned to Defendant at the time of infringement, and a list of the copyrighted

No. 07 4647 (FLW) (D.N.J. Jan. 28, 2008) ("defendant, who allegedly used one or more P2P networks to unlawfully download and disseminate the plaintiffs' copyrighted works has, at best, a minimal expectation of privacy in remaining anonymous and this expectation is clearly outweighed by Plaintiffs interests. . . .").

## CONCLUSION

For all the reasons set forth above, Defendant's Motion should be denied.

Respectfully submitted,

Dated:   June 12, 2008

_/s/_____
Matthew J. Oppenheim (D.C. Bar No. 443698)
Oppenheim Group
7304 River Falls Drive
Potomac, MD  20854
(301) 299-4986

Attorney for Plaintiffs

---

recordings that Defendant was distributing at the time Plaintiffs' investigators caught him doing so.  (Compl., at ¶¶ 20 and 25; Exhibit A to Compl.; Linares Decl., Exhibit A to at ¶¶ 18-19).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2008, a copy of the foregoing **OPPOSITION TO MOTION TO FILE PLEADINGS UNDER ASSUMED NAME OF DOE #4 AND TO PROTECT IDENTITY OF REAL PARTY IN INTEREST** was served via electronic filing with the court.

        /s/
Matthew J. Oppenheim (D.C. Bar No. 443698)
Oppenheim Group
7304 River Falls Drive
Potomac, MD  20854
(301) 299-4986

Attorney for Plaintiffs